# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:20-cv-1015 |
| Plaintiff, | : | |
| v. | : | |
| FORTY-THREE THOUSAND THREE HUNDRED SEVENTY-FIVE AND 00/100 DOLLARS ($43,375.00) IN UNITED STATES CURRENCY, | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| Defendant. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## THE DEFENDANT IN REM

2. The defendant is Forty-Three Thousand Three Hundred Seventy-Five and 00/100 Dollars ($43,375.00) in United States Currency. On or about August 29, 2019, the Drug Enforcement Administration ("DEA") seized the defendant from Trevor Bailey's bag, following a consensual encounter with him at the John Glenn Columbus International Airport. The

defendant has been deposited into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendant was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6. The defendant is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## FACTS

7. On August 29, 2019, officers with the Columbus Regional Airport Authority ("CRAA") at the John Glenn Columbus International Airport ("CMH") requested assistance from the DEA's Airport Group related to a passenger, Trevor Bailey ("Bailey"), who had been selected

for additional screening.

8. While Bailey's carry-on bags were passing through the Transportation Security Administration's ("TSA") screening tools, a large unidentified object was observed. The TSA determined that the object in Bailey's bag was a large amount of currency and then notified CRAA officers.

9. Upon arriving at the designated screening area, Task Force Officer Andrew D'Orazio ("TFO D'Orazio") noted that Bailey had a leather, duffle style, carry-on bag and a small shoulder bag. He also observed a large amount of currency, mostly in small bills, that appeared to be secured by rubber bands. TFO D'Orazio approached Bailey in a way as not to block his freedom of movement, identified himself as a law enforcement officer, displayed his credentials, and asked Bailey if he would speak to him. Bailey agreed to speak to TFO D'Orazio.

10. TFO D'Orazio asked Bailey for more information about his flight and learned that Bailey had flown into CMH earlier that same day and had acquired his ticket to fly from CMH to La Guardia airport in New York, New York, within the last few hours. Bailey was unable to explain to TFO D'Orazio why he had acquired his ticket so close to the departure time.

11. TFO D'Orazio then asked Bailey how much currency he was carrying. Bailey stated he had $9,200.00. Based on his training and experience, TFO D'Orazio estimated that the currency totaled at least $25,000.00.

12. Bailey also advised that he took the quick trip to Columbus to gather money from family for his grandmother's funeral. When TFO D'Orazio advised Bailey that he believed his bag contained more than $9,200.00, Bailey said that it was possible. TFO D'Orazio asked Bailey if he would consent to a search of the bags that he had with him. Bailey consented to the search.

13. Upon searching Bailey's bags, TFO D'Orazio observed that the currency consisted

of six rubber-banded bundles of currency, each approximately 4 to 7 inches wide. TFO D'Orazio also observed that Bailey held a cellular telephone in his hand and had two more cellular telephones in his bags, both Apple brand phones.

14. Through his training and experience, TFO D'Orazio knows that carrying multiple phones is consistent with illegal drug trafficking activity. When asked why he was carrying three cellular telephones, Bailey was unable to provide a reasonable response.

15. After searching Bailey's bags, TFO D'Orazio again asked Bailey why he had traveled to Columbus. This time, Bailey stated that he was in Columbus to collect money from a business partner.

16. TFO D'Orazio asked Bailey why he did not know how much money he was carrying. Bailey advised that he traveled with bags that he packed ahead of time and that there may have been $15,000.00 inside the bag when he packed it for this trip. Bailey further advised that he had added items to the bag for this trip, but he did not explain how he could have added items without noticing the money inside the bag.

17. As a member of the Columbus, Ohio Airport DEA Group, TFO D'Orazio is trained and experienced and knows the following.

    a. Persons engaged in the commercial interstate distribution of controlled substances frequently use CMH and the aircraft that arrive and depart there to transport drug sales proceeds and funds to be used to purchase drugs in and out of Columbus. Those proceeds and funds are usually in the form of United States currency.

    b. Persons engaged in the commercial interstate distribution of controlled substances frequently use couriers to transport controlled substances, drug sales

4

proceeds, and funds to be used to purchase drugs in and out of Columbus. CMH and the aircraft that arrive and depart there are relied upon as a means of sending and receiving such couriers.

c. Illegal drug and drug currency couriers often acquire airline tickets within 72 hours of travel to known source areas for illegal drugs such as New York, New York, or to known destination areas for illegal drugs like Columbus, Ohio.

d. Illegal drug and drug currency couriers often use "quick-turn" trips, which are trips with short stays in narcotic source and/or destination areas, as the nature of their business does not require more than a quick drop-off or pick-up.

18. Based on his training and experience, TFO D'Orazio advised Bailey that he had reason to believe that the currency in Bailey's bag was proceeds from illegal drug activity and that the DEA would be administratively seizing the currency. Bailey advised that he understood TFO D'Orazio was doing his job and that he just wanted to make his flight.

19. TFO D'Orazio then advised Bailey that he also was seizing the cellular telephones found in the bag as well as the one held by Bailey. Bailey responded that he would not turn over the cellular telephone in his hand and advised TFO D'Orazio that he would need to arrest him to take custody of the phone. TFO D'Orazio again asked Bailey to turn over the phone that he was holding. Bailey continued to refuse to release the phone, and TFO D'Orazio observed that Bailey appeared to be attempting to break it.

20. At this time, TFO D'Orazio called CRAA Officer Freedom Chrisman for assistance and placed Bailey under arrest for obstruction of official business and tampering with evidence. Bailey was transported to the Franklin County, Ohio jail for processing. TFO D'Orazio took custody of the three phones, all Apple brand phones, and noted that a Verizon brand "SIM" card

was taped to the back of one of the phones.

21. On or about November 25, 2019, Bailey pleaded guilty in Franklin County, Ohio Municipal Court Case No. 2019 CR B 015824, *State of Ohio v. Bailey*, to an amended charge of disorderly conduct and was sentenced to two days in jail.

22. Following the seizure, TFO D'Orazio returned to the DEA's airport office and requested assistance from CRAA K-9 Officer Jenelle DiFolco ("Officer DiFolco") and certified narcotic detection K-9 "Daron" to conduct a K-9 sniff of the seized currency.

23. The currency was placed in a new United States Postal Service Priority Mail package ("USPS package") and sealed. The narcotic detection K-9 sniff consisted of two separate K-9 sniffs as follows.

    a. Ten USPS packages were placed in a circle in the DEA office. Five of the packages were empty, and five contained shredded, circulated and un-circulated currency. Officer DiFolco and K-9 Daron entered the area, and Officer DiFolco gave K-9 Daron the command to search. K-9 Daron did not show a change in behavior in the room or on the ten packages. Officer DiFolco and K-9 Daron then left the area.

    b. TFO D'Orazio replaced one of the packages with the USPS package that contained the money from Bailey. The location of the money was unknown to Officer DiFolco. Officer DiFolco and K-9 Daron returned to the area, and Officer DiFolco gave K-9 Daron the command to search. As K-9 Daron worked his way through the room, Officer DiFolco noted that K-9 Daron showed a change of behavior on one of the packages. Officer DiFolco noted that K-9 Daron squared off to the package and then began scratching it, indicating a positive alert

for the odor of narcotics on the package. TFO D'Orazio advised Officer DiFolco that it was the package containing the money seized from Bailey.

24. An official count of the United States currency seized from Bailey revealed that the currency totaled $43,375.00 (the defendant) as follows.

| Denomination | Quantity | Total |
|---:|---:|---:|
| $100 | 28 | $2,800.00 |
| $50 | 14 | $700.00 |
| $20 | 1,889 | $37,780.00 |
| $10 | 111 | $1,110.00 |
| $5 | 187 | $935.00 |
| $1 | 50 | $50.00 |
| | | $43,375.00 |

25. A check of Bailey's criminal history reveals arrests related to narcotics, dating back to approximately 1994.

26. On or about September 4, 2019, Franklin County, Ohio, Municipal Court Judge Cynthia L. Ebner issued a search warrant for the three cellular telephones and SIM card seized from Bailey. Based on the initial review of photographs and information on the phones, TFO D'Orazio believes that the phones belonged to Bailey. Upon reviewing some of the text messages sent and received on one of the phones, TFO D'Orazio believes that Bailey was communicating about the quality of illegal drugs provided to another person. At least one photograph was located that appears to show a large amount of marijuana.

27. On or about November 26, 2019, the DEA received a claim from Bailey asserting an interest in the defendant. In his claim, Bailey indicated that the currency was earned promoting an event in Columbus, Ohio. Bailey did not include any documents supporting this statement with his claim.

28. Based on the forgoing facts, the United States asserts that the defendant, $43,375.00 in United States currency, represents property furnished or intended to be furnished in exchange

for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. Therefore, the property is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant to assert, in conformity with the law, a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendant to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendant as provided by law; and

  (e)  the Court award the United States all other relief to which it is entitled, including the costs of this action.

           Respectfully submitted,

           DAVID M. DEVILLERS
           United States Attorney


           s/Deborah D. Grimes
           DEBORAH D. GRIMES (0078698)
           Assistant United States Attorney
           Attorney for Plaintiff
           221 East Fourth Street, Suite 400
           Cincinnati, Ohio 45202
           (513) 684-3711 / Fax (513) 684-6385
           Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Andrew T. D'Orazio, hereby verify and declare under the penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

2/24/2020
Date

ANDREW T. D'ORAZIO, Task Force Officer
Drug Enforcement Administration

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff: Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

## DEFENDANTS
Forty-Three Thousand Three Hundred Seventy-Five and 00/100 Dollars ($43,375.00) in United States Currency

County of Residence of First Listed Defendant: Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Federal Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
[ ] 440 Other Civil Rights
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/ Accommodations
[ ] 445 Amer. w/Disabilities - Employment
[ ] 446 Amer. w/Disabilities - Other
[ ] 448 Education

**PERSONAL INJURY**
[ ] 365 Personal Injury - Product Liability
[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
[ ] 463 Alien Detainee
[ ] 510 Motions to Vacate Sentence
[ ] 530 General
[ ] 535 Death Penalty
**Other:**
[ ] 540 Mandamus & Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition
[ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
[X] 625 Drug Related Seizure of Property 21 USC 881
[ ] 690 Other

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Management Relations
[ ] 740 Railway Labor Act
[ ] 751 Family and Medical Leave Act
[ ] 790 Other Labor Litigation
[ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
[ ] 462 Naturalization Application
[ ] 465 Other Immigration Actions

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 835 Patent - Abbreviated New Drug Application
[ ] 840 Trademark

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
[ ] 375 False Claims Act
[ ] 376 Qui Tam (31 USC 3729(a))
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 485 Telephone Consumer Protection Act
[ ] 490 Cable/Sat TV
[ ] 850 Securities/Commodities/ Exchange
[ ] 890 Other Statutory Actions
[ ] 891 Agricultural Acts
[ ] 893 Environmental Matters
[ ] 895 Freedom of Information Act
[ ] 896 Arbitration
[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
[ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 02/24/2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Deborah D. Grimes

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE